IN THE COURT OF COMMON PLEAS
MAHONING COUNTY, OHIO

CLERK OF COURTS
MAHONING COUNTY, OHIO
AUG 17 2016
FILED
ANTHONY VIVO CLERK

Sean Javorsky )
c/o Zuzolo Law Offices, LLC )
700 Youngstown Warren Road )
Niles, Ohio 44446 )
)
      Plaintiff, )
)
v. )
)
)
JPMorgan Chase Bank, N.A. )
c/o James Dimon, CEO )
270 Park Avenue, #12 )
New York, NY 10017 )
)
      Defendant. )
)

Case No.: 16 CV 2228

Judge KRICHBAUM

**COMPLAINT**

**JURY DEMAND
ENDORSED HEREON**

## JURISDICTION AND VENUE

1. Jurisdiction and venue are proper in this judicial district because Plaintiff resides in this judicial district, Defendant does business in this judicial district, and many of the facts relevant to this Complaint occurred in this judicial district.

## PARTIES

2. Plaintiff, Sean Javorsky, is a natural person who resides in North Jackson, Ohio.

3. Defendant, JPMorgan Chase Bank, N.A., is a national bank doing business in the state of Ohio.

## STATEMENT OF FACTS

4. On November 30, 2010, Plaintiff filed a Chapter 7 bankruptcy in the United States Bankruptcy Court for the Western District of Pennsylvania, case number 10-12166.

2016 CV 02228
00007625992
COMP

5. In his bankruptcy, Plaintiff surrendered real property he owned located at 1387 Heinz Avenue, Sharon, Pennsylvania. Chase was the creditor for the mortgage on this property. On February 14, 2011, Chase filed a Motion for Relief from Stay. On March 7, 2011, the bankruptcy court granted the Motion.

6. On April 5, 2011, Plaintiff received his discharge from bankruptcy.

7. Beginning in or around May of 2011, Plaintiff began receiving repeated calls to his cell phone from Chase regarding the property that was surrendered and discharged in bankruptcy. Plaintiff told the Chase caller in or around July of 2013 to stop all phone calls and that the debt was included and discharged in bankruptcy. To date, Plaintiff believes that he has received no less than 130 calls total, with approximately 100 telephone calls occurring after Chase was told to stop calling. From November 10, 2015 to date, Plaintiff received no less than 24 phone calls from Chase with voicemails containing the delay before someone spoke.

8. Upon information and belief, Chase used an autodial predictive dialer and/or an artificial or prerecorded voice to make most if not all of these calls to Plaintiff's cell phone. Plaintiff believes that Chase used this type of dialing system because with most, if not all of the phone calls, there was a delay or pause between either Plaintiff or his voice mail picking up and the Chase person speaking.

9. Further, Plaintiff has received approximately one email per month since May of 2011 from Chase regarding the subject discharged property. Also, beginning in 2013, Chase began sending monthly statements to Plaintiff at his new address

2

regarding the discharged property and seeking to collect almost $60,000 in past due payments.

10. Chase's actions in repeatedly calling Plaintiff regarding a property that was surrendered and discharged several years ago have caused Plaintiff economic damages including, but not limited to, engaging counsel to stop the calls. Plaintiff has also suffered non-economic damages including, but not limited to, stress, anxiety, frustration, embarrassment, and overall mental anguish.

<u>**COUNT I: TELEPHONE CONSUMER PROTECTION ACT**</u>

11. Plaintiff alleges each and every preceding paragraph as if fully rewritten herein.

12. The Telephone Consumer Protection Act ("TCPA"), under 47 U.S.C. § 227(b)(1)(A)(iii) makes it unlawful:

    a. To make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice-...

      (iii) to any telephone number assigned to a ... cellular telephone service ... or any service for which the called party is charged for the call.

13. From approximately May 2011 to date, Chase initiated no less than 100 telephone calls to Plaintiff's cell phone using an autodial predictive dialer and/or an artificial or prerecorded voice after Plaintiff explicitly told Chase to stop calling him. Plaintiffs believe that discovery will show a more definite number of telephone calls.

14. Plaintiff believes that these calls fall within the TCPA because some times there would be a delay between Plaintiff or the voicemail picking up and the Chase representative speaking and other times the Chase voice would be pre-recorded.

3

15. These calls were in violation of the TCPA.

16. Under the TCPA, Plaintiff is entitled to $500 to $1,500 per phone call for willful violations of the TCPA.

## COUNT II: INVASON OF PRIVACY BY INTRUSION UPON SECLUSION

17. Plaintiff alleges each and every preceding paragraph as if fully rewritten herein.

18. Chase intentionally interfered, physically or otherwise, with Plaintiff's solitude, seclusion, or private concerns or affairs by repeatedly calling him no less than 130 times from approximately May 2011 to date. Furthermore, Chase called Plaintiff approximately 100 times after explicit instruction to cease all phone calls to him.

19. Further, Chase has constantly sent Plaintiff emails and statements regarding this property.

20. Plaintiff had a reasonable expectation of privacy in his solitude, seclusion, or private concerns or affairs.

21. Chase's intrusion into Plaintiff's privacy occurred in such a way that would be highly offensive to a reasonable person in Plaintiff's position.

22. Chase repeatedly called and sent correspondence to Plaintiff regarding collection of a debt that was surrendered and discharged in his Chapter 7 bankruptcy several years ago.

23. Plaintiff was seriously damaged as a result of these phone calls and is entitled to actual and punitive damages, costs, and attorneys' fees.

## TRIAL BY JURY

22. Plaintiff is entitled to and hereby respectfully requests a trial by jury on each and every matter so entitled. US Const. Amend. 7.

4

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff, having set forth his claim for relief against Defendant, respectfully prays of this Court as follows:

A. That Plaintiff have and recover against Defendant a sum to be determined by the Court in the form of statutory damages;

B. That Plaintiff have and recover against Defendant actual damages a sum to be determined by the Court in excess of $25,000;

C. That Plaintiff have and recover against Defendant a sum to be determined by the Court in the form of punitive damages;

D. That Plaintiff have and recover against Defendant all reasonable legal fees and expenses incurred by his attorney;

E. That Plaintiff have such other and further relief as the Court may deem just and proper.

Respectfully submitted,

*/s/ Ashley Hall*

Philip D. Zuzolo (0081865)
Patrick B. Duricy (0042511)
Ashley R. Hall (0092354)
Zuzolo Law Offices, LLC
700 Youngstown Warren Rd
Niles Ohio 44446
330/652-1609
330/652-9421
lawyers@zuzolo.com

## INSTRUCTIONS FOR SERVICE

**TO THE CLERK:**

Please serve a copy of the Summons and Complaint on the Defendant at the address listed above by certified mail, return receipt requested pursuant to the Ohio Rules of Civil Procedure.

*[signature]*
Philip D. Zuzolo (0081865)
Patrick B. Duricy (0042511)
Ashley R. Hall (0092354)
Zuzolo Law Offices, LLC